AUSTIN, Banking Commissioner, et al. v. GUARANTY STATE BANK OF FULBRIGHT. (No. 3179.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 25, 1926.)

1. Banks and banking ⟐47(1)—Stockholder's liability for shares in an insolvent bank taken over by state banking commissioner is statutory, and interest thereon may not be recovered (Const. art. 16, § 16; Vernon's Sayles' Ann. Civ. St. 1914, art. 453 et seq. and article 552).

Stockholder's liability, under Const. art. 16, § 16, and Vernon's Sayles' Ann. Civ. St. 1914, art. 552, for shares in an insolvent bank taken over by state banking commissioner, under article 453 et seq., is statutory, and interest may not be recovered thereon as damages.

2. Courts ⟐120—District court has no power to hear and determine a controversy involving exactly $500, where jurisdiction depends on the amount in controversy.

District court has no power to hear and determine controversy involving exactly $500,

where jurisdiction of the court depends on the amount in controversy; the county court alone having jurisdiction.

Appeal from District Court, Red River County; R. J. Williams, Judge.

Suit by the Guaranty State Bank of Detroit against the Guaranty State Bank of Fulbright. Charles O. Austin, as State Banking Commissioner, was refused leave to join as plaintiff. Demurrer to plaintiff's petition was sustained, and suit dismissed. Charles O. Austin, as State Banking Commissioner, and the plaintiff appeal. Appeal dismissed.

Austin S. Dodd, of Dallas, for appellants.

Robbins, Edwards & Bailey, of Clarksville, for appellee.

WILLSON, C. J. This was a suit by the Guaranty State Bank of Detroit, one of the appellants, against the State Bank of Fulbright, the appellee, in which Chas. O. Austin, the other appellant, in his official capacity as state banking commissioner, sought leave of the court to join as a plaintiff. Such leave having been refused, and the court having sustained a general demurrer to the appellant bank's petition, and, on its refusal to amend same, having dismissed its suit. Austin and said appellant bank prosecuted this appeal.

It appeared from the pleadings of the appellant bank that to provide means for paying creditors of an insolvent state bank (to wit, the Detroit State Bank of Detroit, Texas), which the banking commissioner had taken over for liquidating purposes as provided by law (article 453 et seq., Vernon's Sayles' Ann. Civ. St. 1914), said commissioner had taken steps necessary to fix liability of the stockholders of said insolvent bank for "an amount additional to the par value" of shares of such insolvent bank respectively owned by them, "equal to the par value of such shares so owned" by them, respectively (section 16 of article 16 of the Constitution; article 552, Vernon's Sayles' Statutes). It further so appeared that the appellee bank owned five shares, of the par value of $100 each, of the stock of said insolvent bank, and that the appellant bank claimed it had acquired the right in the banking commissioner to enforce the liability of the appellee bank as the owner of said shares of stock. This suit, commenced by the appellant bank as stated above, was to recover $500 (the par value of said five shares of stock) of appellee, together with interest on said sum.

[1, 2] After considering the question (presented in the record) as to the jurisdiction of the court below, we have concluded that that court was without power to hear and determine the controversy between the parties, and therefore that all this court can do is to dismiss the appeal. The liability of the appellee bank, which the appellant bank sought to enforce, was a statutory one. It seems to be settled that the plaintiff in a suit on such a liability is not entitled to recover interest on the amount thereof as damages. Eastland County v. Chapman (Tex. Com. App.) 278 S. W. 425, and authorities there cited; McDaniel v. Laundry Co., 244 S. W. 135, 112 Tex. 54. That being true, the suit must be treated as one for precisely $500. So treating the suit, it is clear the district court was without power to hear and determine the controversy, for it is settled, and has been since the decision of the Supreme Court in Gulf, C. & S. F. Ry. Co. v. Rambolt, 4 S. W. 356, 67 Tex. 654, that when jurisdiction of a court depends upon the amount in controversy between the parties, and the amount is precisely $500, the county court alone has jurisdiction of the cause.

In conformity to the conclusion reached, the appeal will be dismissed.