**ORNDORFF v. AUSTIN, Banking Com'r.**
**(No. 241.)**

Court of Civil Appeals of Texas. Eastland.
Feb. 25, 1927.

1. **Banks and banking** ⊂⇒48(1)—**Banking commissioner cannot hold defendant liable as former stockholder in state bank where it was impossible to tell whether indebtedness existed at time of transfer.**

In action by banking commissioner, to recover assessment of stockholder in state bank, plaintiff cannot recover from defendant as former stockholder where it was impossible to tell whether any of indebtedness of bank existing at time of alleged transfer still existed.

2. **Limitation of actions** ⊂⇒180(2)—**Defense of limitation cannot be raised by special exception unless petition affirmatively shows action barred.**

Defense of limitation cannot be raised by special exception unless petition affirmatively shows that cause of action comes within bar of statute.

3. **Appeal and error** ⊂⇒171(3) — **Appellate court held not warranted in treating special exception to amended petition as answer raising defense of limitations.**

Rule permitting special exception to amended petition to be considered on appeal as answer raising defense of limitations where so treated in trial court *held* inapplicable in action to enforce bank stockholder's liability, where neither original abandoned petition nor evidence of its file mark was put in evidence, or any finding made on issue of limitations warranting conclusion that parties had treated exception as answered in lower court.

4. **Limitation of actions** ⊂⇒127(3)—**Original petition in action on bank stockholder's liability held to state cause of action; hence amended petition, but amplification of original, did not state new cause barred by limitation.**

Original petition in action against bank stockholder *held* to sufficiently plead cause of action; hence amended petition, which was but amplification of facts set up in original, did not state new cause of action within bar of statute of limitation.

5. **Banks and banking** ⊂⇒48(1) — **State bank stockholder failing to register transfer held liable as existing stockholder after insolvency (Rev. St. 1925, arts. 537, 1334).**

Stockholder of state bank, who transferred stock without having transfer registered before bank was closed, *held* liable as existing stockholder where rules of corporation required transfer to be registered, but Rev. St. 1925, art. 1334 (1168) and article 537 are inapplicable.

6. **Statutes** ⊂⇒226—**State taking banking laws from acts of Congress is presumed to take federal court's construction thereof.**

Where state takes banking laws from acts of Congress, which had been many times construed by courts of United States, it is presumed that it also took construction placed thereon by federal courts.

7. **Banks and banking** ⊂⇒48(2)—**In action for assessment, defendant, liable as existing stockholder of insolvent state bank, cannot maintain cross-action against alleged transferee of stock.**

Where defendant was liable as existing stockholder of insolvent state bank, there could be no secondary liability as between himself and another to whom he had transferred stock without registration of transfer, and he could not maintain cross-action against such other in banking commissioner's action for assessment.

8. **Pleading** ⊂⇒352—**In banking commissioner's action for stockholder's assessment, defendant's cross-action against alleged transferee held properly stricken in view of delay and threatened transfer to federal court.**

In banking commissioner's action against stockholder of insolvent state bank for assessment, defendant's cross-action against alleged transferee of stock *held* properly stricken, where defendant lacked diligence in securing service, and transferee, who was receiver of another bank, announced intention to remove case to federal court.

9. **Banks and banking** ⊂⇒47(1)—**Banking commissioner cannot recover interest on stockholder's assessment from time it was made to date of judgment.**

In banking commissioner's action for assessment against stockholder of state bank, he cannot recover interest on assessment from time it was made to date of judgment.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Action by Charles O. Austin, Banking Commissioner, against Lee H. Orndorff. Judgment for plaintiff, and defendant appeals. Reformed and affirmed.

Funderburk & Richardson, of Eastland, for appellant.

Ed. J. Hamner, of Sweetwater, for appellee.

PANNILL, C. J. The appeal is from a judgment in favor of the banking commissioner in a suit begun by his predecessor in office to recover from the appellant his alleged liability on 100 per cent. assessment made against all stockholders of the moribund Texas State Bank & Trust Company of Ranger.

The trial was had upon appellee's first amended original petition. To that petition a general demurrer and a number of special exceptions were presented. Among the latter was one, in substance, that the defunct bank, as shown by appellee's pleading, defaulted November 1, 1921, and its liquidation began November 14, and the suit filed December 12, 1923, which originally asserted or attempted to assert liability against appellant as that of a former stockholder who had transferred his

---

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

stock, and that no cause of action was asserted against appellant as being a stockholder at the time of the insolvency of the bank named and, therefore, the amended petition being filed on January 22, 1926, which was more than four years after the accrual of the cause of action alleged in said amended petition, the same was barred by the statute of limitation. This pleading closed with the following observation:

"Which (referring to said statutes of limitation) are here now plead in such bar, and of this defendant prays judgment of the court."

The demurrer and exceptions, including the one above referred to, were duly presented to the court and overruled by him, and judgment duly entered evidencing the action of the court thereon.

The original petition alleged, in substance, that for 12 months prior to November 1, 1921, appellant was a stockholder in said bank, owning 10 shares of stock therein and within said period transferred and sold to the First National Bank of Ranger, a corporation, acting by and through its receiver, E. B. Cushing, all of said above-mentioned 10 shares of stock; that said First National Bank was, at the time of such transfer, and has been ever since and is now, insolvent; that no record or entry of any nature, kind, or character whatsoever has ever been made on any of the books of said Texas State Bank & Trust Company of said transfer or sale of said shares of stock, or any of them, but that the books and records of said bank do now and have at all times, ever since the acquisition of said shares of stock by defendant, shown the ownership of said stock in said defendant and not in any other person or corporation.

The amended petition charges liability to the appellant both as being a stockholder at the time the bank closed, and also as a former stockholder who had transferred his stock within a period of 12 months prior to the closing of the bank.

A number of defenses were interposed by appellant, all of which will appear in the attempted review of the record as herein made.

It will not be necessary to set out in detail all the assignments of error, as most of them involve the same questions passed upon by the Court of Civil Appeals in the case of Austin v. Duffer, 279 S. W. 318, in which case a writ of error was denied by the Supreme Court, and upon the authority of that case the assignments of error in the instant case raising the same questions of law as in the Duffer Case are overruled.

[1] A considerable portion of appellant's brief is devoted to a discussion of the law relating to the liability of a former stockholder in a state bank who has transferred his stock within a period of 12 months prior to the liquidation of the bank. It will not be

necessary to discuss such matters, as the court's findings of fact plainly show that the appellee could not recover and did not recover judgment against appellant on the theory just named, because the court found that it was impossible to tell whether any of the indebtedness of said bank, which existed at the time of the alleged transfer by appellant of his stock, was still in existence when the bank failed. Thus, under the authority of Pool v. Chapman (Tex. Com. App.) 283 S. W. 762, this question passes out of the case.

The judgment rendered by the court was on the ground that the attempted transfer by appellant of his stock did not relieve him of liability, and the sufficiency of the evidence to sustain the court's findings in that regard is the principal question raised on this appeal.

It will not be necessary to set out in full or in detail the court's findings of fact, except upon the question just stated, but the general statement will suffice that the court's findings of fact bring this case sufficiently within the rule decided in Austin v. Duffer, supra, except as to the following propositions, which will be briefly discussed:

First. Was the suit barred by limitation for the reason that appellant's liability as an existing stockholder was first asserted in the amended petition, filed more than two years after the closing of the bank?

Second. Is the evidence sufficient to support the conclusion of fact below that the attempted transfer by appellant of his stock did not relieve him of liability as an existing stockholder?

Third. Was the action of the trial court erroneous in striking out appellant's cross-action against the receiver of the First National Bank of Ranger to whom appellant alleged he had transferred his stock and who was, according to appellant's allegation, primarily liable for the assessment in question?

Fourth. Is appellant liable for interest upon his assessment?

These questions will be discussed in their order and what is deemed a sufficient statement of the record to illustrate the situation of the parties will be made.

As relating to the points set out in substance above, the conclusions of fact made by the trial court, and which are supported by evidence, show: That appellant acquired the stock in question in 1919 and he was, during all the time in question, thoroughly familiar with the condition of the insolvent bank and of its failing condition. That in June, 1921, appellant began negotiations with the receiver of the First National Bank of Ranger, then in the process of liquidation, for the exchange by appellant of said shares of stock in the Texas State Bank & Trust Company, together with stock in two other corporations, to said receiver, for a note for the principal sum of $10,000, signed by J. J. Clapper, and payable to the First National Bank. Pending

said negotiations, appellant sent the certificates, evidencing his ownership of said stock, to one C. C. Chenneworth, active vice president of the Texas State Bank & Trust Company of Ranger, to enable said Chenneworth to consummate the said deal. That said Chenneworth, in said transaction, acted at all times as the agent of appellant and never at said time in said transaction acted for the bank. That said Chenneworth, after some negotiation, succeeded in effecting said exchange. That in order to close the transaction, the receiver of the defunct National Bank filed an application in the United States District Court to secure authority to make the deal, and as soon as that authority was granted the exchange was made, and that Chenneworth, acting as agent for appellant, delivered the shares of stock in the Texas State Bank & Trust Company to the receiver and took in return the note described. That the note received by the appellant was worthless, its maker insolvent. That appellant did not give any directions to Chenneworth regarding the transfer of the stock on the books of the Texas State Bank & Trust Company and that the stock was never transferred on the books of said bank, but that after the transfer, as before, the books of said bank and the record of its stock, showed the ownership of said stock to be in appellant. That the exchange was effected after June 27, 1921, and after said bank had been merged and consolidated with the Farmers' & Merchants' State Bank of Ranger, which consolidation is set out and shown in detail in the opinion in Austin v. Duffer, supra. The stock, when sent by the appellant to his agent, Chenneworth, was indorsed in blank. That the by-laws of the Texas State Bank & Trust Company, provided that its stock could only be transferred after issuance by surrendering up the certificates of the shares to be transferred to the bank, and having the transfer evidenced on the records of the bank and new certificates issued to the transferee; and that the stock in question contained a similar provision, and that both the stock and the by-laws provided that only those to whom the stock had been transferred on the books of the bank would be recognized as stockholders, and that no transfer should be made in any other manner.

[2] The limitation question will be first noticed. It is asserted by the appellee that the question of limitation is not in the case, because limitation was asserted by special exception only, and that the petition did not show upon its face that the suit had not been originally brought against appellant as an existing stockholder, and that the amended petition did not show when the original was filed, and therefore the trial court correctly overruled the exception because the amended petition did not affirmatively disclose that the suit was barred. Appellee invokes the appli-

cation of the rule as found in the case of Hamilton et al. v. Swanson Film Co. (Tex. Civ. App.) 206 S. W. 574.

[3] Appellant seeks to bring the case within the rule announced in Dairy Region Land Corporation v. Harding (Tex. Civ. App.) 266 S. W. 181. We are constrained to hold that limitation was not in the case. It is true that, as held in the case last referred to, a plea which is styled a special exception, but not presented to the court nor relied on by the court as such, but treated by the parties and the court as a plea of limitation, and evidence introduced thereon, will on appeal be likewise regarded as a plea in bar, interposing the defense of limitation. It is not believed that the record in this case brings the case within the rule stated. As shown above, the plea was presented to the court as an exception to the petition and ruled on by the court as such. No issue seems to have been made on the trial as to the plea of limitation. The abandoned pleading was not introduced, nor was the file mark upon the original pleading put in evidence; no finding of fact was made by the trial court on the question of limitation, except in the conclusions of fact the trial court stated the date of the filing of the original and amended petitions. If we have recourse to the statement of facts in deciding this matter, as we should, it is not shown that the trial court ever had the abandoned pleading before him or was ever advised of its contents. It is true that the original petition is shown in the transcript, but it has no place there, and if appellant desired to raise the question of limitation as an issue of fact, he should have introduced in evidence a sufficient part of the original petition to show that the suit had not originally been brought against him as an existing stockholder. It conclusively appears from the record that the pleading under consideration was treated by the parties and the trial court as a special exception and not as a plea in bar, and it is well settled that a special exception interposing the defense of limitation is not good unless the petition excepted to affirmatively shows that the cause of action therein asserted comes within the bar of the statutes. Arbaugh v. Robinson (Tex. Civ. App.) 286 S. W. 339.

[4] It is further believed that the original petition sufficiently pleaded a transaction wherein the attempted transfer was made so as to justify the amended petition and that the amended petition, in fact, was but an amplification of the facts set up in the original. See Reclamation Company v. Simmons, 293 S. W. 194, by this court, not yet [officially] published, in which the authorities were reviewed at length, and upon a similar state of facts this court held that the amended petition did not state a new cause of action within the bar of the statute of limitation.

[5] The question, as to whether the trial

court was justified in holding appellant liable as an existing stockholder under the facts, the substance of which has been stated above, presents a very difficult question. If we were to be guided by the rule existing in nearly all the jurisdictions of the United States outside of our own, the solution of the question would present an easy task. The rule thus obtaining has been, we believe, accurately stated in 1 Cook on Corporations (8th Ed.) p. 870, as follows:

"The law is well settled that the transferor of stock is liable to corporate creditors on his statutory liability up to the time of a registry of the transfer, to the same extent that he would be if no sale and transfer of the certificate had been made until the date of the registry. Until registry is made, corporate creditors may hold the transferor liable, as though he had not sold his stock. As to them, the transfer will be deemed to have been made only on the date of the record thereof in the corporate books."

To this rule there is an exception that:

"Where the transferor signs the transfer on the back and presents the certificate to the corporation for transfer, but the agents of the corporation neglect to make the transfer, the transferor is not liable on the stock." 1 Cook on Corporations (8th Ed.) p. 858; Richmond v. Irons, 121 U. S. 27, 7 S. Ct. 788, 30 L. Ed. 864; Finn v. Brown, 142 U. S. 71, 12 S. Ct. 136, 35 L. Ed. 940; Hawkins v. Glenn, 131 U. S. 335, 9 S. Ct. 739, 35 L. Ed. 193; Whitney v. Butler, 118 U. S. 655, 7 S. Ct. 61, 30 L. Ed. 266; Harper v. Carroll, 66 Minn. 487, 69 N. W. 610, 1069; Robinson, etc., Co. v. Sapp, 160 Ky. 445, 169 S. W. 869.

See, also, cases cited in note, 1 Cook on Corporations, p. 870; 7 R. C. L., p. 243, note 3; Fletcher's Encyclopedia of Corporations, § 4205, note 14.

This rule seems to have been applied with reference to business corporations generally by the Texas courts. Rich v. Park (Tex. Civ. App.) 177 S. W. 184; Turner v. Cattlemen's Association (Tex. Com. App.) 215 S. W. 833.

In respect to corporations incorporated for the transaction of ordinary business, however, it may be noted that by statute (article 1334, Rev. St. 1925 [old article 1168]) it is provided that the stock of any corporation, created under the title to which said chapter is assigned, shall be transferable only on the books of the corporation in such manner as the by-laws may prescribe. This statute would, however, not seem to be applicable to the transfer of stock in a bank, as the incorporation of state banks is provided for in a different title.

The difficulty that has been encountered in deciding the question under discussion arises from expressions in a number of opinions of our appellate courts in cases where the precise question was not involved. The only two cases cited which, in our judgment, deal with the exact question are Chapman v. Hill (Tex.

Civ. App.) 271 S. W. 250, and Chapman v. Sparks (Tex. Civ. App.) 283 S. W. 338. In each of these cases, the rule as stated in Cook on Corporations was applied, and in each of the cases the alleged stockholder was held not liable because such former stockholder had executed a transfer and delivered the same to the officers of the bank for registry, and had, therefore, done all that could be required under the rule as stated. In this case, the trial court found upon sufficient evidence that the appellant had not done all that was required of him in making his transfer appear of record upon the books of the bank, so the question resolves itself into a solution of the proposition as to whether the liability of a stockholder in a state bank (not a trustee or collateral holder under article 537, R. S.) is placed by law upon the real party at interest or upon the record owner who has been negligent with respect to having his transfer registered.

In the case of Brooks v. Austin (Tex. Civ. App.) 206 S. W. 723, the facts show that one Saddler was the owner of the stock, and within 12 months prior to the failure of the bank, transferred the same to Powers, who held the same, however, as trustee for Brooks, the real owner. Upon the failure of the bank, suit was brought against all three for the assessment, and judgment was rendered against Saddler and Brooks. This was undeniably correct, because the then article 556, Vernon's Sayles' Civil Statute, specifically provided that one who held shares of stock as a trustee, or as collateral security for a debt, was not liable for the assessment, but that the owner or pledgor should be so liable, and this was the rule in force in the federal courts with respect to trustees and collateral holders. The assignment overruled in that case was that only stockholders of record could be assessed, and in overruling the assignment the court asserts that the real, and not the record, stockholder is liable. Clearly the question before us was not there involved nor decided.

A similar declaration was made in the case of Chapman v. Pettus (Tex. Civ. App.) 269 S. W. 268, but in that case, as in the Brooks Case, the defense sought to be sustained was that the alleged stockholder sued held as trustee. Therefore the observation of the court could not have been made in contemplation of the rule which we are considering.

In Austin v. Marsico (Tex. Com. App.) 281 S. W. 198, there was under consideration the question as to whether one holding stock in a bank as collateral security for the debt of a stockholder is liable for the debts of the bank, though its records do not show the stock is so held, and the Supreme Court adopted the judgment recommended, holding that the one holding stock as collateral was not liable under said article 556, but did

not adopt the opinion. In the course of the opinion, it is stated in different terms that the real and not the apparent or record stockholder is liable, but it is clearly apparent that this statement was made in arguing and in relation to the question then being considered and with reference to it only.

[6] Of course, in applying the statute which specifically provides that a trustee is not liable, it is correct to say that the real and not the record stockholder is liable, but in valuing the expressions noted it must be considered that our banking laws, and particularly that part of such laws relating to the liability of stockholders, were borrowed almost "verbatim" from the acts of Congress, which acts had been many times construed by the courts of the United States, and it is presumed that in borrowing the statutes we took with them the construction placed thereon by the federal courts, and that the federal courts had uniformly held that the record stockholder was liable, even after a transfer, unless the transfer was registered, except when the stockholder had indorsed the certificate and had caused it to be presented to the bank for registry on its books; therefore, that it was not intended, by the expressions noted, to declare a different rule when the question was not before the court.

The courts of the United States place their holding that the record stockholder is liable upon the ground that the provisions with reference to the transfer, being made only upon the books of the association, are for the benefit of the association and its creditors, and particularly for the benefit of the creditors, and that creditors have the right to inspect the books and ascertain who are the stockholders and determine therefrom the responsibility of the corporation, and that one who permits his name to appear as such a stockholder is estopped, after the insolvency of the corporation, from denying to its creditors that he occupied that relation. The exception, which relieves the stockholder who has done all that is required in order to effectuate the transfer, is placed upon the ground that an analogy exists between a stockholder transferring his stock and a grantee in a conveyance with respect to registry; that the grantee in a conveyance is protected when he places it with the proper officer for record, even though the officer neglects to register the conveyance; and that a stockholder who has placed his transfer with the proper officer of the bank with request for registry is also protected.

It is urged, however, by appellant that Chenneworth was the vice president of the bank, and that the stock came into his hands and it was his duty to register the transfer. But it will be noted that the stock came into his hands before the transfer was effectuated, and only as the agent of the appellant, and that when the deal was consummated, Chenneworth immediately delivered the stock to the receiver and did not then register it nor was he requested by either of the parties to the transaction to do so. The transfer was evidently made by appellant when he had strong reason to suspect that the closing of the bank, in which he was a stockholder, was imminent. He took for his stock a worthless note.

Under these circumstances, we believe that the appellant should be held to a strict accountability in thus transferring his stock and should not be relieved of liability unless he has strictly complied with the rules of the corporation as provided for in its by-laws and in the stock certificate which he held.

We therefore approve the conclusions both of fact and law by the trial court, fixing liability on appellant as an existing stockholder.

[7, 8] If appellant was liable as an existing stockholder, there could be no secondary liability as between himself and the receiver of the First National Bank of Ranger, and therefore his cross-action would not be maintainable on that theory. Without undertaking to decide what would be the liability as between appellant and his transferee had that transferee been an individual, we believe the court was justified in striking out the cross-action, because appellant was lacking in diligence in securing service thereon, and for the further reason that the receiver refused to answer at the term held after the citation was issued, but which had not been served in time, and had announced his intention to the court to file a petition and bond for removal of the case to the federal court at the next return day. The appellee was not required to submit to such delay, nor to be put to the inconvenience, nor be subjected to the hazard of having his case removed to another jurisdiction for trial. The appellee had the right to have his cause tried in a court having jurisdiction of the parties, and the subject-matter in which appellee had elected to file it.

[9] The appellant's complaint that judgment was erroneous in awarding interest on the assessment, from the time it was made to the date of the judgment, is sustained under the authority of Austin v. Guaranty State Bank, 282 S. W. 262, where the Texarkana court specifically held that such interest was not recoverable.

Appellee has filed an exceedingly able and extended argument on this question, accompanied by citation of numerous authorities from almost every state in the Union, including decisions from the United States Supreme Court and Circuit Courts of Appeal, all holding that a stockholder's liability for an assessment, such as sought to be enforced here, arises out of a contract and is a contractual liability impliedly assumed by whoever may acquire the stock. If the question was one of first impression, we would be strongly inclined to sustain the appellee's con-

tention and uphold the court's judgment awarding such interest, but inasmuch as the precise point has been decided differently as stated, we, though somewhat reluctantly, yield to that decision and hold that interest is not·recoverable. If the decision of the Texarkana court is erroneous, the Supreme Court has power to correct it and this also following it.

In view of what has been said, the judgment of the trial court will be reformed so as to allow the appellee a recovery for the amount of the assessment sued for, with interest from the date of judgment only, and as so reformed it will be affirmed with costs of appeal taxed against the appellee.

Reformed and affirmed.