**SHAW, Banking Com'r, v. STRONG.**

No. 3955.

Court of Civil Appeals of Texas. Texarkana.

Feb. 7, 1931.

Rehearing Denied Feb. 12, 1931.

WILLSON, C. J. (after stating the case as above).

By force of section 16 of article 16 of the Constitution and article 535 of the Revised Civil Statutes of 1925, each stockholder in a banking corporation is liable for its debts "to an amount double the par value" of the shares he owns. By article 453 of said statutes the banking commissioner is authorized to collect debts due to an insolvent state bank in his hands for liquidation. By article 455 (as amended by Acts 40th Leg. [1927] c. 205, § 1, Vernon's Ann. Civ. St. art. 455) said commissioner is authorized, if necessary to pay the debts of such a bank, to "enforce the individual liability of the stockholders." And by force of article 454, said commissioner may, upon the order of the district court, or the judge thereof, of the county in which the bank is located, "sell or compound all bad or doubtful debts, and may sell the real or personal property" of such bank.

The question, and only question, presented for determination on this appeal may be stated as follows: Can the liability of a stockholder arising by force of the provisions in the Constitution and statutes above referred to be sold and assigned by the banking commissioner?

We think the answer should be in the negative.

Combatting that view of the matter, appellant insists the levy by the banking commissioner of an assessment against a stockholder on account of the liability imposed by the Constitution and statutes creates a "debt" and argues that a debt is "property" and assignable. The answer to the argument is, we think, that if the liability is a "debt," it is not to the bank, but to its creditors, and the power to sell which can be conferred upon the banking commissioner is to sell only property of the bank. The power of the banking commissioner as to the stockholders' liability is only to enforce same and apply money derived from such enforcement to satisfying obligations of the bank to its creditors. State ex rel. Mothersead v. Kelly, 141 Okl. 36, 284 P. 65; American Exch. Bank v. Rowsey, 144 Okl. 172, 289 P. 726; Johnson v. Adams' Estate, 138 S. C. 409, 136 S. E. 885; Bennett v. Wilkes County, 164 Ga. 790, 139 S. E. 566; Houston Nat. Exch. Bank v. Chapman (Tex. Civ. App.) 263 S. W. 929; Runner v. Dwiggins, 147 Ind. 238, 46 N E. 580, 30 L. R. A. 645; Ford v. Sauls, 138 S. C. 426, 136 S. E. 888; Conway v. Bank & Trust Co. (C. C.) 165 F. 822; Alsop v. Conway (C. C. A.) 188 F. 568; Tiger Shoe Mfg. Co's, Trustee v. Shanklin, 125 Ky. 715, 102 S. W. 295, 31 L. R. A. (N. S.) 365. The case first cited above is like this one in many, if not all, of its aspects. Every ground of appellant's contention here seems to have been

Clark, Harrell & Clark, of Greenville, for appellant.

Bowman & Bowman, of Greenville, for appellee.

urged in that case as a reason why it should be held that the sale and assignment of a stockholders' liability should be upheld, and it was held, properly we think, that the contention was not tenable on any of the grounds.

The judgment is affirmed.