Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The appellant was tried and convicted of the offense of unlawfully possessing intoxicating liquor for the purpose of sale, and his punishment assessed at confinement in the state penitentiary for a term of one year.

Appellant's only contention is that the indictment upon which he was tried and convicted failed to charge that the alleged spirituous, vinous, and malt liquor, which he was charged with possessing for the purpose of sale, contained more than 3.2 per cent. alcohol by weight. This identical question was before this court in the case of Evans v. State, 73 S.W.(2d) 537, decided on May 30, 1934 and not yet reported [in State Report], and the case of Butts v. State, 73 S. W.(2d) 96, decided May 23, 1934, and not yet reported [in State Report]. In the case of Butts v. State, supra, this court, speaking through Judge Hawkins, said: "It seems to be the appellant's contention that since the passage of the act mentioned under the Constitutional amendment referred to, an indictment is insufficient unless, in addition to charging that the accused possessed for the purpose of sale intoxicating liquor, the indictment go farther and describe the liquor as spirituous or if it is vinous, or malt liquor, designating it as such, and then follow the designation by an averment that it contained more than 3.2 percent alcohol by weight. We are unable to bring ourselves to agree with such contention. In our opinion the present indictment charged an offense. Under the authorities hereinafter mentioned, the indictment was sufficient prior to the adoption in 1933 of the amendment to section 20, art. 16 of the Constitution, and the act passed by the 43d Legislature, Regular Session, chapter 116, p. 288 (Vernon's Ann. P. C. art. 694a), and since the passage of the act mentioned under the Constitutional amendment referred to, the indictment is sufficient."

Therefore, under the authority of Butts v. State, supra, and Evans v. State, supra, the appellant's contention is overruled, and the judgment of the trial court is in all things affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## HILL v. SOUTH TEXAS BANK & TRUST CO. et al.
### No. 9395.

Court of Civil Appeals of Texas.
San Antonio.
July 11, 1934.

Rehearing Denied Aug. 1, 1934.

C. Stanley Banks, of San Antonio, and Carl Runge, of Mason, for appellant.

Templeton, Brooks, Napier & Brown and Hicks, Dickson, Bobbitt & Lange, all of San Antonio, for appellees.

MURRAY, Justice.

South Texas Bank & Trust Company, one of the appellees herein, instituted this suit against appellant, Russell C. Hill, seeking a recovery in the sum of $1,000, together with interest, alleged to be due it as the assignee of James Shaw, banking commissioner and statutory receiver for the City-Central Bank & Trust Company. The sum sued for represented a 100 per cent. stock assessment against appellant as the holder of ten shares of stock, $100 par value each, of the capital stock of the City-Central Bank & Trust Company, which banking institution had been placed, by the voluntary action of its board of directors, in the hands of the state banking commissioner for liquidation, on September 28, 1931. James Shaw, as banking commissioner of the state, intervened in the case, and later his successor in office, E. C. Brand, was substituted as intervener.

The trial was before the court without the intervention of a jury, and resulted in a joint judgment in favor of appellee, South Texas Bank & Trust Company, and E. C. Brand, as banking commissioner, against appellant, Russell C. Hill, in the sum of $1,115, being the amount of the stock assessment, together with 6 per cent. interest from the date the assessment was levied against appellant.

Russell C. Hill presents this appeal.

[■] By his first proposition of law appellant contends that the liability of a stockholder of an insolvent bank arising out of an assessment levied by the state banking commissioner is not an asset of the insolvent bank, but is a trust fund created for and belonging exclusively to its creditors and depositors. We

find no fault with this proposition and conclude it is correct.

■ By his second proposition of law appellant contends that any assignment of a stockholder's liability by the banking commissioner is void and subject to collateral attack. This proposition is overruled. Prior to the amendment of article 454, R. S. 1925, by Acts 1931, 42d Leg., p. 321, ch. 192, § 1 (Vernon's Ann. Civ. St. art. 454), there was no provision of the statute authorizing the banking commissioner to sell or compound bad or doubtful stockholders' assessments, but such authority was expressly given by the above amendment. Article 454 formerly read: "Upon the order of the district court of the county in which such bank was located, if in session, or the judge thereof if in vacation, the Commissioner may sell or compound all bad or doubtful debts, and may sell the real or personal property of such State bank on such terms as the court shall direct."

The Texarkana Court of Civil Appeals in Shaw, Banking Commissioner, v. Strong, 35 S.W.(2d) 769, held that this article did not give the commissioner authority to sell or compound stockholders' assessments. Then followed the amendment of article 454, above referred to, which reads as follows: " * * * And under like Order of said Court, or the Judge thereof, he may sell or compound bad or doubtful stockholders assessments and sell stockholders assessments levied against stockholders of such bank on such terms as the Court shall direct. No such Order shall be entered or sale made without notice and hearing."

This amendment was enacted for the very purpose of supplying the defect pointed out by the Texarkana court in Shaw v. Strong, supra. The commissioner of banking now has express authority to sell or compound stockholders' assessments.

■ By his third proposition appellant contends that article 454, supra, as amended, is unconstitutional and void because in conflict with article 16, § 16, of the State Constitution. We fail to see the conflict. The constitutional provision referred to reads as follows: " * * * Each shareholder of such corporate body incorporated in this State, so long as he owns shares therein, and for twelve months after the date of any bona fide transfer thereof shall be personally liable for all debts of such corporate body existing at the date of such transfer, to an amount additional to the par value of such shares so owned or transferred, equal to the par value of such shares so owned or transferred. * * *"

This liability is fixed by the banking commissioner making a 100 per cent. stock assessment. Article 453, R. S. 1925, authorizes the commissioner to collect moneys, claims, and debts due to such insolvent bank, and to perform such other acts as are necessary to conserve its assets and business, and to liquidate the affairs of such insolvent bank, and article 454, as now amended, expressly authorizes the sale and assignment of stockholders' assessments. There is no conflict between the statute and the Constitution, or between the two statutes.

Appellant cites a great many authorities from other states holding that a stockholder's assessment is not assignable; the principal one being State ex rel. Mothersead v. Kelly, 141 Okl. 36, 284 P. 65. None of these cases, so far as our investigation shows, involved a statute expressly giving such power to the commissioner of banking as does article 454, as now amended.

■■ By his fourth, fifth, and sixth propositions, appellant contends that the amendment to article 454 could not apply to him in this case, because he owned his stock before the law was passed and that to apply same in this cause would be to make it retroactive in its effect, permit it to impair the obligation of his pre-existing contract, and deny to him the due process of the law. We overrule these propositions. The amendment to article 454 is remedial in its nature, and is not subject to the above attack, as no man has a vested right in a remedial statute and the Legislature may change the remedy so long as it leaves him an adequate and efficient remedy. This amendment neither increases nor diminishes his obligation, nor requires him to pay at an earlier or a later date, but merely attempts to render the liquidation of an insolvent bank by the commissioner more efficient and practical.

■ By his seventh proposition appellant contends that he should be allowed to urge certain defenses to his stock assessment that were not available to him prior to the assignment of same by the commissioner. We can see no reason why the assignee of the commissioner should not be subrogated to all the rights and privileges with reference to the stock assessment that were enjoyed by the commissioner, and appellant would not acquire any new defenses after the assignment that he did not have theretofore.

By his eighth proposition appellant complains because the trial court did not strike out the intervention of E. C. Brand as banking commissioner. He fails to show in what

way his rights were prejudiced by such action of the trial judge, and this assignment will be overruled. The same thing is true with reference to appellant's tenth proposition, wherein he complains of the trial court's action in granting a joint judgment against him, and this proposition is also overruled.

By his ninth proposition he complains of the action of the trial court in allowing interest on the stock assessment from the date it was levied. We overrule this assignment. It is true that in Austin v. Guaranty State Bank, 282 S. W. 262, the Texarkana Court of Civil Appeals held that interest was not recoverable as damages, but did not hold that it was not recoverable as interest; the distinction being material in that case as a question of jurisdiction was involved. In Orndorff v. Austin, 294 S. W. 681, the Eastland Court of Civil Appeals, following the case of Austin v. Guaranty State Bank, supra, held that interest was not recoverable, but mentioned the fact that the federal courts and the courts of almost every other state in the Union allowed interest on assessments. The Supreme Court of the United States, in Casey v. Galli, 94 U. S. 673, 677, 24 L. Ed. 168, said: "The sum to be paid being liquidated, and due and payable when the comptroller's order was made, it follows that the amount bears interest from the date of the order. Otherwise there would be no motive to pay promptly, and no equality between those who should pay then and those who should pay at the end of a protracted litigation."

The above is adopted by us as a correct statement of the law, and appellant's ninth proposition is overruled.

In addition to what has been said above, there is another theory which would require the affirmance of this cause. The transfer of the stock assessment by the banking commissioner to the purchasing bank was by order of the district judge of the court, in which the matter of the liquidation of the insolvent bank was pending. The sale was made on notice and hearing, as required by law, and if not a judicial sale in fact it is

to be treated as such. Chapman et al. v. Guaranty State Bank et al. (Tex. Com. App.) 267 S. W. 690.

The sale, being treated as a judicial sale, was not subject to collateral attack and could only be set aside in a direct proceeding brought for that purpose, unless the amendment to article 454, supra, is unconstitutional and void. Thus appellant is confronted with this dilemma: If the sale of the assessment was only voidable he cannot be heard to complain of it in this suit, and if wholly void the assessment still is in the hands of the banking commissioner, who is a party to the suit and concluded by the judgment. It is clear that either the banking commissioner or the purchasing bank has the right to maintain this suit, and the appellant owes the assessment to either the one or the other. The judgment calls for but one satisfaction of this debt, and appellant will not be permitted to defeat this cause of action because the money when collected might be turned over to the wrong party. Keyser v. Shaw (Tex. Civ. App.) 25 S.W.(2d) 651.

It occurs to us that the amendment to article 454, above referred to, is a wise provision of the law. If the banking commissioner could not compound and transfer doubtful stock assessments for their reasonable value he might be compelled to prolong for a great many years the liquidation of an insolvent bank and thus delay depositors and creditors in securing a final settlement of their claims because he might possibly at some future time collect something on a doubtful assessment.

The banking commissioner should be permitted, when he deems it best, after notice, hearing, and approval of the district judge, to transfer these assessments for their reasonable cash value, give the creditors and depositors the benefit of this cash, and bring to a close the expensive liquidation of the insolvent bank by the commissioner.

Finding no error in the record, the judgment will be affirmed.

BICKETT, C. J., being disqualified, did not sit in this case.