### ROGERS v. SOUTH TEXAS BANK & TRUST CO. et al.

#### No. 9458.

Court of Civil Appeals of Texas. San Antonio.

Nov. 28, 1934.

Rehearing Denied Jan. 9, 1935.

C. Stanley Banks, of San Antonio, and Carl Runge, of Mason, for appellant.

Templeton, Brooks, Napier & Brown, Hicks, Dickson, Bobbitt & Lange, and Fagan Dickson, all of San Antonio, for appellees.

MURRAY, Justice.

This is a companion case to the cases of Hill v. South Texas Bank & Trust Co. (Tex. Civ. App.) 73 S.W.(2d) 1043; Koehler v. South Texas Bank & Trust Co. (Tex. Civ. App.) 75 S.W.(2d) 1118; Chandler v. South Texas Bank & Trust Co. (Tex. Civ. App.) 75 S.W.(2d) 1117.

The facts in this case are the same as the facts in the above causes, and no substantial questions of law are here raised which are different from those passed upon in the Hill Case.

The judgment of the court below will be affirmed.

BICKETT, C. J., did not participate in the decision of this case.

On Motion for Rehearing.

MURRAY, Justice.

Appellant in his motion for a rehearing earnestly insists that this case cannot be ruled by our decision in the Hill v. South Texas Bank & Trust Co. Case, 73 S.W.(2d) 1043, but contends that there are presented in this appeal new and different propositions of law which, if sustained by this court, necessitate a reversal of the judgment of the trial court.

Appellant's propositions 2 to 6, inclusive, and 9 attack the transfer of the stockholders' assessments by the Banking Commissioner to appellee South Texas Bank & Trust Company.

We held in the Hill Case, and we hold here, that it is immaterial whether the transfer was valid or invalid. Both the Banking Commissioner and the South Texas Bank & Trust Company, to whom the transfer was made, were parties to the suit. They are both precluded by this judgment. There cannot be another recovery. Appellant is in no position to complain if either of the appellees was entitled to recover. The fact that the trial court did not determine which one of the appellees was entitled to recover, but granted a joint recovery, presents no error prejudicial to the rights of appellant.

By his seventh proposition appellant contends that, having alleged that there had been a complete accord and satisfaction between creditors, stockholders, and the Banking Commissioner, and an exception having been sustained to this allegation, such allegation should be taken as true, and if true there could be no further liability of the stockholders on their assessment. It is true that appellant's answer does contain this general allegation, but the answer when taken as a whole, and when consideration is given to the document pleaded in full, it is apparent from appellant's own pleading that only three-fourths of the depositors had signed releases, and it is further apparent that the releases signed did not have the effect of releasing the stockholders from the liability created by the stock assessments. Murray v. Sill (C. C. A.) 7 F.(2d) 589.

By his ninth proposition appellant contends that article 16, § 16, of the Constitution, imposes a double liability only on stockholders who make a bona fide transfer of their stock, and does not impose a double liability upon stockholders who own their stock at the time a bank is closed. This contention is overruled. Even if the Constitution does not provide for double liability of stockholders who had not transferred their stock, article 535, R. S. 1925, as amended by Acts 1929 (1st Called Sess.) c. 60, § 1 (Vernon's Ann. Civ. St. art. 535), does so provide, and this article is valid.

Appellant's fourteenth proposition is an attack upon the validity of the incorporation of the South Texas Bank & Trust Company. This was not pleaded under oath, as required by article 1999, R. S. 1925, and therefore cannot be complained of here.

Appellant's motion for a rehearing will be overruled.