## WEBSTER v. SOUTH TEXAS BANK & TRUST CO. et al.

### No. 9604.

Court of Civil Appeals of Texas. San Antonio.

June 12, 1935.

Rehearing Denied July 17, 1935.

Lewright & Lewright and C. F. Guenther, Jr., all of San Antonio, for plaintiff in error.

Hicks, Dickson, Bobbitt & Lange and Templeton, Brooks, Napier & Brown, all of San Antonio, for defendants in error.

MURRAY, Justice.

This is a companion case to Mrs. Louis R. Saur v. South Texas Bank & Trust Co., 85 S.W.(2d) 265, this day decided by this court. It is also a companion case to the cases of Hill v. South Texas Bank & Trust Co. (Tex. Civ. App.) 73 S.W.(2d) 1043; Rogers v. South Texas Bank & Trust Co. (Tex. Civ. App.) 77 S.W.(2d) 707; Chandler v. South Texas Bank & Trust Co. (Tex. Civ. App.) 75 S.W.(2d) 1117; Koehler v. South Texas Bank & Trust Co. (Tex. Civ. App.) 75 S.W.(2d) 1118.

This appeal presents but one proposition which we have not heretofore, in the above-cited cases, decided adversely to plaintiff in error's contention. This point has to do with the question of whether or not the intervention of the banking commissioner should be held to be bound by the 2-year statute of limitation (Vernon's Ann. Civ. St. art. 5526).

The order levying this stock assessment was made on October 3, 1931. The banking commissioner's plea of intervention was filed during vacation in the Forty-Fifth district court of Bexar county, on August 22, 1933. Article 1998, R. S. 1925, provides: "Any party may intervene in vacation, subject to be stricken out by the court for sufficient cause at the next term on the motion of the opposite party."

Honorable S. G. Tayloe, the regular judge of the Forty-Fifth district court, being disqualified in this cause, could not grant leave to intervene, and his order to this effect was void. Reeves v. State, 114 Tex. 296, 267 S. W. 666. However, no good cause being shown why the plea of intervention should be stricken, Judge Wright, who presided at the trial and who was not disqualified, properly refused to strike the plea of intervention. The plea, having been filed within two years after the date of the assessment levy, was not barred by the 2-year statute of limitation.

For the reasons given in our opinions in the above-cited companion cases, and for the further reason herein stated, the judgment of the trial court will be in all things affirmed.

BICKETT, C. J., did not participate in the decision of this case.