**SAUR et al. v. SOUTH TEXAS BANK & TRUST CO. et al.**

No. 9605.

Court of Civil Appeals of Texas. San Antonio.

June 12, 1935.

Rehearing Denied July 17, 1935.

Lewright & Lewright, of San Antonio, for plaintiffs in error.

Hicks, Dickson, Bobbitt & Lange and Templeton, Brooks, Napier & Brown, all of San Antonio, for defendants in error.

MURRAY, Justice.

This is a companion case to Hill v. South Texas Bank & Trust Co. (Tex. Civ. App.)· 73 S.W.(2d) 1043; Rogers v. South Texas Bank & Trust Co. (Tex. Civ. App.) 77 S. W.(2d) 707; Chandler v. South Texas Bank & Trust Co. (Tex. Civ. App.) 75 S. W.(2d) 1117; Koehler v. South Texas Bank & Trust Co. (Tex. Civ. App.) 75 S. W.(2d) 1118.

This suit was instituted by the South Texas Bank & Trust Company, a state bank, against Mrs. Louis R. Saur, Mrs. Harry W. Basse, and Mrs. R. Barbeck, as independent executrixes of the estate of Sophie Wahrmund, deceased, on an assessment levied by James Shaw, banking commissioner, on 200 shares of stock in the City-Central Bank & Trust Company owned by the estate of the deceased when that institution failed, on September 28, 1931. It is alleged that the South Texas Bank & Trust Company became the owner of this assessment as the result of a sale to it by the banking commissioner, which sale was approved by an order of the district judge of the Seventy-Third judicial district, in which court the liquidation of City-Central Bank & Trust Company was pending. The banking commissioner intervened in this suit alleging that this stockholder's assessment had been transferred to the South Texas Bank & Trust Company, but prayed in the alternative that should the transfer of said assessment be held to be invalid then, and in that event, he be given judgment for the amount of the assessment.

The trial began with the intervention of a jury. By agreement the jury was discharged and judgment rendered by the judge in favor of the banking commissioner and the South Texas Bank & Trust Company, jointly, against the independent executrixes of the estate of Sophie Wahrmund in the sum of $20,000.

Mrs. Louis R. Saur, Mrs. Harry W. Basse, and Mrs. R. Barbeck, as independent executrixes of the estate of Mrs. Sophie Wahrmund, present this appeal.

This appeal presents many propositions heretofore passed on by this court in companion cases, and such propositions will not be again discussed.

The first proposition presented here which is not disposed of by our former opinion is, that the court erred in admitting in evidence a certificate of the secretary of state showing James Shaw to have been banking commissioner at the time he took over and began the liquidation of the City-Central Bank & Trust Company. As we would take judicial knowledge of the fact that at this time James Shaw was in fact banking commissioner of Texas (23 Corpus Juris 97), this could not present reversible error.

The next complaint of plaintiffs in error is to the effect that the petition was subject to general demurrer, because it alleged the assessment was made against the estate of Sophie Wahrmund; such estate not being a legal entity. The order levying the assessment simply declared a 100 per cent. stock assessment against all stockholders, without attempting to name each person against whom such assessment was made. However, if the order had named the estate of Sophie Wahrmund it would have been proper, because the assessment was a liability of the estate, chargeable against all properties belonging to the estate. The estate had the proper legal representation, and this suit and judgment are against the legal representatives of the estate. Further complaint is made that the stock was in the name of Otto Wahrmund Estate, and not in the name of Sophie Wahrmund Estate. The evidence shows that Sophie Wahrmund was the wife of Otto Wahrmund and his sole legatee under his will, and that in truth and in fact the stock did belong to the estate of Sophie Wahrmund. The real and not the apparent owner of bank stock is liable thereunder. Chapman v. Pettus (Tex. Civ. App.) 269 S. W. 268.

Plaintiffs in error next complain of the action of the trial judge in sustaining a special exception to that part of their answer wherein they alleged that all debts of the City-Central Bank & Trust Company had been paid and satisfied and, therefore, the stock assessment suit could not be

maintained. The trial judge properly sustained this exception. As was said in Houston Nat. Exch. Bank v. Chapman (Tex. Civ. App.) 263 S. W. 929, 933: "It is no defense to an action by the commissioner against a stockholder to enforce his personal liability, that all the liabilities of the bank have been paid, or that the assets and money collected and collectible belonging to the bank are sufficient to pay its debts, court costs, liquidation fees and expenses of every character."

The Texas cases cited by plaintiffs in error relate to the liability of a person who has transferred his stock within twelve months before the bank is closed, and are clearly not applicable.

The judgment of the trial court will be in all things affirmed.

BICKETT, C. J., did not participate in the decision of this case.