**Aurora Sandoval De ANDA, Appellant,**

v.

**Juvencio De ANDA, Appellee.**

**No. 04–82–00103–CV.**

Court of Appeals of Texas, San Antonio.

Nov. 16, 1983.

C.M. Zaffirini, Zaffirini & Volpe, Laredo, for appellant.

Sharon Trigo, Laredo, for appellee.

Before ESQUIVEL, CANTU and REEVES, JJ.

## OPINION

REEVES, Justice.

This is an appeal from a summary judgment which awarded title to two thousand one hundred and nineteen (2,119) shares of stock in International Bank of Commerce of Laredo to appellee, Juvencio De Anda.

Appellant, Aurora Sandoval De Anda, and appellee were divorced on February 11, 1974. The divorce decree ordered a division of the bank stock as follows:

Five Hundred (500) shares of stock of International Bank of Commerce of Laredo shall be divided equally, Petitioner receiving 250 shares as his sole and separate property and Respondent receiving 250 shares as her sole and separate property.

Accordingly, appellee duly endorsed and transferred 250 shares to appellant. Appellant, however, failed to notify the International Bank of Commerce of the transfer, and the shares continued to be carried on the bank's books under appellee's name. On the basis of the ownership of 500 shares, appellee received stock dividends totaling 1,061 shares, and appellant received no stock dividends at all.

Further, on February 24, 1978, appellee was given the option by the International Bank of Commerce to purchase an additional 156 shares of stock based upon his stock ownership of 1561 shares. Appellee tendered $7,800.00 to purchase the 156 shares. International Bank of Commerce, as a result of conflicting claims by appellant and appellee, filed an interpleader action and tendered the $7,800.00 into the registry of the court together with shares held by the bank in appellee's name but not issued because of the conflicting claims.

It is from the judgment in favor of appellee, on cross motions for summary judgment by appellant and appellee in the Bank's interpleader action, that this appeal is brought.

Appellee contends that TEX.REV.CIV. STAT.ANN. art. 342–401 (Vernon 1973), and the by-laws of the bank control the disposition of this case and mandate an affirmance of the trial court. We disagree.

The portion of Article 342–401 which appellee relies on states:

Shares of stock in a state bank shall be personal property and transferable only

upon its books, and it shall be the duty of the officers of a state bank to transfer such stock upon its books at the request of the transferee, supported by a transfer in writing or other legally effective transfer.

TEX.REV.CIV.STAT.ANN. art. 342–401 (Vernon 1973).

The by-laws of International Bank of Commerce of Laredo state:

> The stock of this bank shall be transferable only upon the books of the bank, and no transfer shall be made or certificate of stock issued until the certificate or certificates for the stock intended to be transferred shall have been delivered to the bank and cancelled. Transfers of stock shall not be suspended preparatory to the declaration of dividends, and dividends shall be paid to the shareholder in whose name the stock shall stand at the date of the declaration of such dividends.

Appellee further relies on *Seidel v. Shaw,* 7 S.W.2d 671 (Tex.Civ.App.—Galveston 1928, no writ) and *Orndorff v. Austin,* 294 S.W. 681 (Tex.Civ.App.—Eastland 1927, no writ), to support his proposition that state bank shares are transferable only on the books of the bank. Neither *Seidel, supra,* nor *Orndorff, supra,* are applicable to the facts before us. Both cases involved a suit by the state banking commissioner to recover assessments against record stockholders of insolvent banks. Neither case involved the rights between the transferor and transferee of the stock.

■ "The requirement that the stock transfer be recorded on the corporate books is to protect the corporation in cases where it has no notice that the transfer has been effected." *Cooper v. Citizens National Bank of Waco,* 267 S.W.2d 848, 853 (Tex. Civ.App.—Waco 1954, writ ref'd n.r.e.). *See also Humble Oil & Refining Co. v. Blankenburg,* 149 Tex. 498, 235 S.W.2d 891 (1951); *Kerr v. Tyler Guaranty State Bank,* 283 S.W. 601 (Tex.Civ.App.—Austin 1926, no writ). The above quoted statute and by-laws of the bank are designed to protect the bank in cases exactly such as we have here. Absent notice, the bank would not be liable to appellant for stock dividends previously paid to appellee.

■ As between appellee and appellant, however, the transfer was sufficient to pass title of the stock to appellant without an entry on the bank's books. *Humble Oil & Refining Co., supra; Kerr, supra;* and *Cooper, supra.* Thus, as the owner of the initial 250 shares, appellant is entitled to all stock dividends which have been issued on or after February 11, 1974, in proportion to her ownership of the entire amount. To wit: one-half (½) of the stock dividends which have been issued by the bank on the basis of the ownership of the 500 shares.

■ Appellant, in her prayer for relief to this court, also seeks one-half (½) of the 156 shares issued by virtue of the stock option granted to appellee. However, appellant's motion for summary judgment in the court below states:

> Although Mrs. De Anda [Appellant] is entitled to purchase one-half of the 156 shares pursuant to the banks offer of March 15, 1978, for purposes of this Motion for Summary Judgment, Mrs. De Anda is not claiming such right and is claiming only one-half of all dividends corresponding to the 500 shares of stock in the International Bank of Commerce of Laredo, divided equally in the divorce decree of February 11, 1974.

Thus, appellant cannot be heard to complain on appeal of the trial court's action in awarding the 156 shares of option stock to appellee. *Rogge v. Gulf Oil Corp.,* 351 S.W.2d 565 (Tex.Civ.App.—Waco 1961, writ ref'd n.r.e.).

■ Appellee contends that appellant's recovery is barred by laches. Appellee, in his motion in opposition to appellant's motion for summary judgment makes no mention of laches. The only references to laches in the court below is in appellee's original answer. Appellee's motion for summary judgment states, "The pleadings, affidavits, and exhibits on file herein show that there is no genuine issue as to any material fact...." Pleadings do not constitute summary judgment proof. *City of Houston*

*v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). Additionally, appellee's contention that laches precludes appellant's recovery appears in his brief as a mere conclusory allegation, with no supporting argument or authority. Therefore, the contention is waived and will not be considered. *Cleaver v. Dresser Industries,* 570 S.W.2d 479 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.).

The judgment below is reversed in part and we render judgment that appellant is awarded one-half (½) of all stock dividends which have accrued to the 500 shares of International Bank of Commerce of Laredo on or after February 11, 1974. That portion of the judgment awarding appellee the 156 shares of option stock is affirmed.